IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHARON D. DUCOTE, <br><br> Plaintiff <br><br> VS. <br><br> JOANNE B. BARNHART, <br> S.S. Commissioner, <br><br> Defendant | SOCIAL SECURITY APPEAL <br><br> NO. 5:06-CV-65 (CAR) |

## O R D E R

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). The parties have consented for final disposition of this matter by the United States Magistrate Judge pursuant to provisions of 28 U.S.C. §636(c).

**PROCEDURAL HISTORY**

On January 10, 2002, plaintiff SHARON D. DUCOTE filed an application for Social Security Insurance benefits and then filed an application for a period of Disability Insurance benefits on January 8, 2004. The plaintiff alleges that she is disabled on the basis of chronic pancreatitis, seizures, diabetes, hypertension, and anxiety. The plaintiff alleged disability commencing on January 30, 1997. The application was denied initially and after reconsideration. After a hearing in front of an administrative law judge (ALJ) on April 22, 2004, the claim was again denied in a decision dated June 23, 2004. Finally, on December 12, 2005, the Appeals Council denied plaintiff's claim. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

# LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

**DISCUSSION**

In this appeal the plaintiff contends that the Commissioner's decision is not based upon substantial evidence because the ALJ did not comply with applicable law in evaluating the opinions of the plaintiff's treating physician.

The plaintiff first argues that the ALJ did not consider two of the responses that the plaintiff's treating physician gave in his assessment of the plaintiff's Physical Residual Functional Capacity Questionnaire (Tr. 586-590). Specifically, the plaintiff points to Dr. Gaton's statement that "some of the [patient's] meds can cause drowsiness and nausea" and a mark that Gaton made indicating that anxiety affects the plaintiff's physical condition. Tr. 587. However, an ALJ need not discuss every finding by every medical professional in the record. Here, the ALJ discussed the questionnaire at issue, thereby indicating that he had taken its contents into consideration when making his decision. The plaintiff apparently believes that in order for an ALJ's findings to be supported by substantial evidence, he must discuss every *possible* ailment in detail in his decision. That is not the law.

Because the ALJ specifically took the RFC Questionnaire into account when making his decision (Tr. 19), it does not constitute reversible error that he did not specifically cite to each possible infirmity the questionnaire implies. This is especially the case where, as here, the findings in question are so vague that the ALJ would be forced to speculate about how limiting the conditions would be on the plaintiff's ability to work.

Secondly, the plaintiff argues that the ALJ substituted his opinion for that of a medical professional. The plaintiff bases this claim on the ALJ's statement that: "Based on my review of Dr. Gaton's records, I do not find the claimant quite as limited as does Dr. Gaton." It is clear that in this case, the ALJ is not substituting his judgment, but rather making an independent assessment of the plaintiff's condition based on his review of the medical records. So long as there is good cause shown and the ALJ's conclusion is otherwise supported by substantial evidence, there is no reversible error for an ALJ to come to a conclusion that is contrary to what a claimant's physician finds. Such is exactly the ALJ's role in determining disability. Here, the ALJ found that the treating physician's opinions were not consistent with the medical records as a whole, and therefore discounted those opinions. Accordingly, there is no reversible error on this basis.

Finally, the plaintiff argues that her case should be remanded because the ALJ had a duty to supplement the record pursuant to SSR 96-2p. That regulation holds that "[o]rdinarily, development should not be undertaken for the purpose of determining whether a treating source's medical opinion should receive controlling weight if the case record is otherwise adequately developed." SSR 96-2, *available online at* http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-02-di-01.html.

The record in this case is adequately developed, and the ALJ was therefore not under any duty to have the record supplemented. Moreover, the plaintiff has not demonstrated any way in which he has been prejudiced as a result of an incomplete record.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision in this case is **AFFIRMED.**

SO ORDERED AND DIRECTED this 5th day of MARCH, 2008.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE